## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD LEGOS,** | : | **No. 3:16cv1917** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **TRAVELERS CASUALTY COMPANY OF CONNECTICUT,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Plaintiff Ronald Legos (hereinafter "plaintiff") asserts a state law underinsured motorist claim against his insurance company, Defendant Travelers Casualty Company of Connecticut (hereinafter "Travelers"). Before the court for disposition is Travelers's motion to dismiss plaintiff's underinsured motorist claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the court will deny Travelers's motion to dismiss.

### Background

On April 29, 2003, plaintiff and Willard Grasavage (hereinafter "Grasavage") drove separate automobiles on Route 435 in Elmhurst Township, Pennsylvania. (Doc. 1-13, Compl. (hereinafter ("Compl.") ¶ 4). While driving, Grasavage steered his automobile into plaintiff's lane of travel and collided with plaintiff's automobile. (Id.) As a result of the

accident, plaintiff sustained significant bodily injuries to his shoulder, neck, and back, including a right shoulder strain/sprain with exacerbation of degenerative joint disease.  (Id.)

Three years after the accident, plaintiff filed a negligence complaint against Grasavage on July 17, 2006.  (Id. ¶ 7).  Soon thereafter, on August 29, 2006, plaintiff filed an underinsured motorist (hereinafter "UIM") claim with Travelers.  (Id. ¶ 8).  In addition to filing his UIM claim with Travelers, plaintiff also provided Travelers with his medical records and income tax filings.  (Id. ¶ 9).  Travelers, however, failed to provide plaintiff a good faith evaluation or written offer to settle his UIM claim.  (Id.)

On March 7, 2012, plaintiff signed a document releasing Grasavage from liability in exchange for $75,000.  (Doc. 3-2, Ex. A, tortfeasor release dated 3/7/12).  Plaintiff provided Travelers with a copy of the signed release on March 29, 2012.  (Compl. ¶ 10).  Plaintiff also requested Travelers consent to settle and waive subrogation rights.  (Id.)

No activity occurred on plaintiff's UIM claim with Travelers until December 2, 2014.  (Id. ¶ 11).  On this date, plaintiff, responding to a Travelers inquiry, advised Travelers that he still sought UIM damages and directed Travelers not to close their file.  (Id.)  Additionally, plaintiff

provided Travelers with updated medical information.  (Id.)

The parties next communicated on April 27, 2016, when plaintiff received a letter from Travelers.  (Id. ¶ 12).  Travelers claimed that the statute of limitations on plaintiff's UIM claim had run.  (Id.)  Thus, Travelers advised plaintiff that it closed his UIM file.  (Id.)

Plaintiff immediately corresponded with Travelers on April 28, 2016, asserting that the statute of limitations on plaintiff's UIM claim had not run and to not close plaintiff's UIM file.  (Id. ¶ 13).  Plaintiff also filed a writ of summons and petition to compel appointment of a neutral arbitrator in the Lackawanna County Court of Common Pleas on April 28, 2016.  (Id. ¶¶ 14-15).

On August 29, 2016, plaintiff filed a single-count complaint asserting a state law breach of contract claim.  (Doc. 1, Notice of Removal ¶ 8). Travelers removed the case to this court on September 20, 2016. Subsequent to removal, Travelers moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff Ronald Legos is a citizen of Pennsylvania.  (Compl. ¶ 1). Defendant Travelers Casualty Company of Connecticut is incorporated under the laws of the State of Connecticut with its principal place of business in Connecticut. (Doc. 1, Notice of Removal ¶ 13).  Additionally, the amount in controversy exceeds $75,000.  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 (stating that a defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).  As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Travelers filed a motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384

5

n.2 (3d Cir. 1994) (citations omitted).  The court need not accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Travelers moves to dismiss plaintiff's UIM claim, contending Pennsylvania's four-year statute of limitations precludes this claim. Plaintiff avers he commenced his UIM claim within the limitations period. At this juncture, prior to the development of a full factual record and viewing plaintiff's allegations as true, we agree with the plaintiff that he may have filed his UIM claim within the limitations period.

Pennsylvania law provides a four (4) year statute of limitations on all UIM claims.  42 PA. CONS. STAT. ANN. § 5525.  The Pennsylvania Supreme Court, however, has not determined when the four-year statute of limitations begins to run on UIM claims.  Predicting how the Pennsylvania Supreme Court would rule, the Third Circuit Court of Appeals held that the four-year statute of limitations on UIM claims "begins to run when the insured settles his claim or obtains an award from

the underinsured driver."  State Farm Mut. Ins. Co. v. Rosenthal, 484 F.3d

251, 254 (3d Cir. 2007).  The Pennsylvania Superior Court adopted

Rosenthal's holding in a subsequent case, stating that "the four-year

statute of limitations on underinsured motorist claims begins to run when

the insured settles with, or secures a judgment against, the underinsured

owner or operator."  Hopkins v. Erie Ins. Co., 65 A.3d 452, 459 (Pa.

Super. Ct. 2013).

Both the Third Circuit and Superior Court noted that this holding

"harmonizes the law with respect to the statute of limitations involving

uninsured and underinsured claims."  Rosenthal, 484 F.3d at 257;

Hopkins, 65 A.3d at 458.  Specifically, "regardless of whether the adverse

driver is uninsured or underinsured, the date on which the statute begins

to run is essentially the same, i.e. the date on which the insured

definitively ascertains the deficient insured status of the adverse driver."

Rosenthal, 484 F.3d at 257; Hopkins, 65 A.3d at 458 (emphasis added).

At issue in the instant matter is when plaintiff definitively ascertained

the deficient insured status of the adverse driver.  Plaintiff avers that,

given the release's language and the timing of the settlement payment, he

definitively ascertained the deficient status of the adverse driver on or

7

about April 30, 2012.  (Compl. ¶¶ 10-11, 13, 22).  Specifically, plaintiff's complaint and brief in opposition to Travelers's motion to dismiss, while not models of clarity, aver the statute of limitation began on April 30, 2012, or soon thereafter, when plaintiff received the settlement monies.  (Id. ¶¶ 10, 13, 22; Doc. 7, Pl.'s Br. in Opp'n at 11).  As such, plaintiff timely commenced this action within the four-year limitations period on April 28, 2016 by filing a writ of summons and petition to compel appointment of a neutral arbitrator in the Lackawanna County Court of Common Pleas.

Travelers argues plaintiff ascertained the deficient insured status of the adverse driver on March 7, 2012–the date plaintiff signed the release to "settle" with Willard Grasavage.  Plaintiff, therefore, had four (4) years, until March 7, 2016, to file a UIM action.  Because plaintiff filed this case on April 28, 2016, fifty-two (52) days after the limitations period expired on March 7, 2016, plaintiff's UIM claim is untimely.

To support its position that the UIM limitations period begins to run from the date an insured "settles" with an adverse driver, Travelers cites to Rosenthal and Hopkins.  In Rosenthal, the parties agreed that the case "settled" on June 9, 2003.  484 F.3d at 252, 257.  Similarly, in Hopkins, the parties agreed that the case "settled" on December 4, 2004.  65 A.3d at

459.  Thus, the date on which the insured definitively ascertained the deficient insured status of the adverse driver in these cases was the agreed-upon "settled" date.

Unlike Rosenthal and Hopkins, however, the parties in the instant matter disagree on when the case "settled".  As previously stated, Travelers asserts the case "settled" on the date plaintiff signed the tortfeasor release–March 7, 2012.  Plaintiff contends the case "settled" when he received the settlement check–on or about April 30, 2012.  That is, plaintiff definitively ascertained the deficient insured status of the adverse driver, and therefore "settled" his case, on the date he received the settlement monies.

At this early stage of litigation, the court finds that plaintiff has made sufficient allegations supporting his contention that he definitively ascertained the deficient insured status of the adverse driver on or about April 30, 2012.  Thus, Travelers's motion to dismiss plaintiff's complaint will be denied.[1]

---

[1]  Travelers also cites to Wilson v. Great American Insurance Group, No. 12-cv-5700, 2013 WL 5786180 (E.D. Pa. Oct. 28, 2013) for the proposition that settlement occurs when the release is signed.  (Doc. 9, Def.'s Br. in Supp. at 8-9).  Wilson, however, addressed the issues of when a case "settles" for the purposes of commencing the statute of limitations on a UIM claim at summary judgment.  As such, the court in

**Conclusion**

For the above-stated reasons, the court will deny Travelers's motion to dismiss plaintiff's complaint.  An appropriate order follows.

Date:  **12/19/2016**                    **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**

---

Wilson had the benefit of a full factual record to determine the date on which the insured definitively ascertained the deficient insured status of the adverse driver.  Thus, Travelers may raise this issue again at the conclusion of discovery in a motion for summary judgment.

10